## INVALID CONTRACT WITH CITY.

Common Pleas Court of Licking County.

HARRY M. VERRILL v. CITY OF NEWARK.

Decided, January Term, 1910.

*Public Contracts—Statutory Requirements Must be Strictly Complied with in Dealing with Municipality—Sections 4328 et seq.*

An action will not lie either on contract, or *quantum meruit* or for tortious conversion, where against a municipality on a claim for more than $500 not contracted for under a written agreement.

*Smythe & Smythe*, for plaintiff.
*Frank A. Bolton*, City Solicitor, contra.

SEWARD, J. (orally).

Heard on demurrer.

This is a suit to recover for water furnished to the citizens and to the city of Newark. A demurrer is interposed to the petition, because there is a misjoinder of causes of action.

The petition contains five different causes of action. The first one seeks to recover upon a contract, as is alleged, made by the board of public service with Verrill for the furnishing of water. It is alleged that a contract was made by the board of public service, with plaintiff, and that the water was furnished, and that an appropriation was made by the city council for payment for the water furnished. The second cause of action seeks to recover upon a *quantum meruit*. The third cause of action is for a tortious conversion. It alleges that the city took charge of the water plant of the plaintiff, appropriated it to its own use, and took the water and converted it to its own use; and seeks to recover for a tortious conversion of the water. The fourth cause is that the city required the plaintiff to furnish water, and that he had no option, but was compelled to furnish it; and seeks to recover for that reason—by reason of being compelled to furnish the water.

It is undoubtedly a true proposition of law, that the plaintiff can not recover in this case, unless the contract is in writing; and there is no allegation that this contract is in writing. There must be a contract before the city can be held liable. I see that this is a hardship upon the plaintiff in this case, but persons who seek to enforce claims against a city or county must, at their peril, comply with the law governing in such matters. The law. governing in this case is General Code, 4328 and 4331.

The court does not think that the section of the statute giving power to the city council, or to the board of public service, to regulate the rates of water, has anything to do with this cause of action. That section has nothing to do with it. That is, the section giving the city the power to regulate the rate for water.

Sections 4328 *et seq.* are the sections that control in this matter; and it is utterly impossible to hold the city on a *quantum meruit*, in such cases as this, or for a tortious conversion.

There is a misjoinder of causes of action here—an action for a tort, and upon contract, and upon a *quantum meruit*. There is certainly a misjoinder of causes of action; and the causes of action altogether state no ground for relief on the part of the plaintiff. The court is very sorry that the carelessness in making the arrangement requires it to hold that way, because if the city has taken the water of the plaintiff, under a contract, he ought to be paid for it, from a moral standpoint at least.

· The demurrer may be sustained.